IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KIYWUAN PERRY                                                                                    PETITIONER

V.                              CASE NO. 5:17-CV-00039-KGB-JTK

WENDY KELLEY, *Director*
Arkansas Department of Correction                                                       RESPONDENT

# **PROPOSED FINDINGS AND RECOMMENDATIONS**

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## DISPOSITION

For the reasons explained below, it is recommended Petitioner's Petition for Writ of Habeas Corpus (DE # 2) be DISMISSED with prejudice.

## Procedural History

In March of 2014, a Pulaski County jury found Petitioner, Kiywuan Perry, guilty of capital murder and aggravated robbery. Petitioner was sentenced to consecutive terms of life imprisonment without parole for the capital murder conviction and forty (40) years for the aggravated robbery conviction in the Arkansas Department of Correction. The Petitioner appealed directly to the Arkansas Supreme Court and argued that the State presented insufficient evidence of his guilt of both offenses and that the trial court abused its discretion by refusing to submit to the jury his proffered verdict forms on accomplice liability. (DE # 11-8) On December 18, 2014, the Arkansas Supreme Court affirmed his conviction. *Id.* Petitioner did not file a petition for a

writ of certiorari to the United States Supreme Court, and the Arkansas Supreme Court issued its mandate on January 7, 2015. (DE # 11-9)

On March 11, 2015, the Petitioner filed a post-conviction petition pursuant to Arkansas Rule of Criminal Procedure 37.1. (DE # 11-10, p. 23-27) The Pulaski County Circuit Court entered an order on March 18, 2015, dismissing the petition because it was untimely. *Id.* at 37-38. On April 10, 2015, Petitioner filed a timely appeal of the circuit court's order with the Arkansas Supreme Court. Petitioner filed his appellant brief in a timely manner, however, the court advised him that it was deficient and must be corrected no later than July 9, 2015. (DE # 11-11, p. 3) Petitioner did not file a corrected brief, and on September 23, 2015, the State filed a motion to dismiss the appeal. The State's motion was granted on November 19, 2015. *Id.* at 4. Petitioner filed a motion to file a pro se brief challenging the dismissal of his appeal, but the Criminal Justice Coordinator advised the Petitioner via letter on June 14, 2016, that the motion should have been filed before his appeal was dismissed, and that his motion was being returned. (DE # 11-15)

On January 12, 2017, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that: (1) the trial court denied him due process when it failed to appoint a "next friend" to argue that he lack the capacity to waive his right to challenge his competency; (2) his trial counsel was ineffective for failing to object to the hearsay testimony of Kenya Smith and Quantez Dobbins; (3) his trial counsel was ineffective for failing to object to the voice-identification procedure used at trial; and (4) his trial counsel was ineffective for failing to investigate his mental history in order to determine whether a hearing was warranted. (DE # 2) On May 8, 2017, the Respondent filed her Response to Petition for Writ of Habeas Corpus. (DE # 11) In it, she argues that Petitioner's petition should be denied because his claims are time barred and procedurally defaulted.

Discussion

There exists a one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") for filing an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment. 28 U.S.C.A. 2244(d)(1). The statute starts running from the date on which the judgment became final. *Id.* The Arkansas Supreme Court issued its opinion affirming Petitioner's conviction on December 18, 2014. The conviction became final ninety days thereafter, on March 18, 2015, when the time expired for him to seek a writ of certiorari in the United States Supreme Court. *See Smith v. Bowersox*, 159 F.3d 345, 347-48 (8th Cir. 1998). The time for seeking federal relief expired one year later on March 18, 2016. Petitioner did not file his federal habeas petition until January 12, 2017, and therefore the petition is untimely.

The AEDPA provides for tolling of the statute of limitations while properly-filed applications for state post-conviction relief or other collateral review with respect to the judgment or claim is pending. 28 U.S.C. § 2244(d)(2). Petitioner's Rule 37 petition, however, did not toll the statute of limitations because it was untimely. An untimely Rule 37 petition is not "properly filed." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2012).

There is also no reason to believe that equitable tolling would be appropriate. The United States Supreme Court has held a petitioner is entitled to equitable tolling of 28 U.S.C.A. 2244(d) only if he can show "that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden rests solely on the petitioner to prove the grounds warranting equitable tolling and to satisfy the extraordinary circumstance test. *Pace v. DiGuglielmo*, 544 U.S. at 418. Petitioner acknowledges that his petition is untimely; he argues, however, that he is entitled to equitable tolling because: (1) his attorney's conduct was unprofessional; (2) he lacked counsel

during his post-conviction proceedings; and (3) he suffers from severe mental illness. (DE # 2, p. 10)

First, with regard to Petitioner's argument that his counsel exhibited "unprofessional conduct," he does not allege that his counsel or any attorney prevented him from timely filing his federal habeas petition. Petitioner has not been represented by counsel since the conclusion of his direct appeal; therefore, it is unclear what unprofessional conduct the Petitioner believes entitles him to equitable tolling. In *Muhammad v. United States*, 735 F. 3d. 812, 818 (8th Cir. 2013), the Eighth Circuit held that serious attorney misconduct can warrant equitable tolling. In this case, however, the Petitioner has made no allegations of serious attorney misconduct or anything other than mere allegations that his counsel was "unprofessional." Petitioner's allegation does not constitute an extraordinary circumstance warranting the application of equitable tolling.

Second, Petitioner's pro se status in his post-conviction proceedings does not warrant equitable tolling. Lack of counsel, lack of legal knowledge and lack of access to a law library or legal research materials, are not circumstances which warrant the application of equitable tolling. *See Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003). Furthermore, Petitioner cannot rely on *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), as it does not provide a basis for equitable tolling. *See Tolefree v. Hobbs*, 2015 WL 2237886, at *4 (E.D. Ark. May 12, 2015); *Nichols v. Kelley*, 2015 WL 1858878, at *1 (E.D. Ark. Apr. 22, 2015).

Finally, while the Eighth Circuit has recognized that mental illness can be an extraordinary circumstance for the purposes of equitable tolling, the court held that it must be of sufficient degree and duration. *Nichols v. Dormire*, 11 F. App'x 633, 634 (8th Cir. 2001). The medical records attached to Petitioner's petition are from 2009, and are entirely unrelated to the relevant time period for which the statute of limitations was running on his federal filing period. Petitioner has,


therefore, not presented any evidence to this Court which would demonstrate that he suffered from any mental illness of sufficient "degree and duration" which would have impaired his ability to file a timely federal habeas petition. Petitioner has failed to provide evidence of an extraordinary circumstance sufficient for this Court to equitably toll the statute of limitations.

In conclusion, Petitioner's federal petition is time-barred. Accordingly, this Court recommends that the District Court deny and dismiss the habeas petition (DE # 2) with prejudice. It is further recommended that the District Court not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 25th day of May 2017.

_____
UNITED STATES MAGISTRATE JUDGE