# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**KIYWUAN PERRY**                                                                  **PETITIONER**

**v.**                             **Case No. 5:17-cv-00039-KGB**

**WENDY KELLEY, in her official**
**Capacity as Director of the Arkansas**
**Department of Correction**                                        **RESPONDENT**

## ORDER

Before the Court are the Proposed Findings and Recommendations of Magistrate Judge Jerome T. Kearney ("Proposed Findings") (Dkt. No. 12). Plaintiff Kiywuan Perry filed timely his objections to proposed findings and recommendations (Dkt. No. 15). Also, pending before the Court is Mr. Perry's motion to stay proceedings to conduct postconviction competency hearing (Dkt. No. 16). After careful consideration of the Proposed Findings and Recommendations, Mr. Perry's timely objections, and a *de novo* review of the record, the Court adopts the Proposed Findings and Recommendations in their entirety as this Court's findings in all respects (Dkt. No. 12). Mr. Perry's motion to stay proceedings to conduct postconviction competency hearing is denied as moot (Dkt. No. 16). Judgment shall be entered accordingly.

The Court writes separately to address Mr. Perry's objections. Mr. Perry states that he has attached to his objections documents concerning his mental health (Dkt. No. 15). Mr. Perry states that these documents show that he is entitled to equitable tolling of his untimely federal *habeas* petition due to mental illness (*Id.*). The Court notes that no documents are attached to Mr. Perry's objection. However, several documents are attached to Mr. Perry's motion to stay (Dkt. No. 16). These documents contain what appear to be mental health diagnoses and observation remarks for Mr. Perry from 2004 to 2009 (*Id.* at 5-26). Like the documents attached to Mr. Perry's petition

(Dkt. No. 2), these documents "are entirely unrelated to the relevant time period for which the statute of limitations was running on his federal filing period" (Dkt. No. 12, at 5). Accordingly, Mr. Perry's federal petition is time-barred, as he has failed to provide evidence of the extraordinary circumstances required for the Court to equitably toll the statute of limitations in a *habeas* action.

Therefore, the Court orders that:

1. Mr. Perry's petition for writ of *habeas corpus* is dismissed with prejudice, and the requested relief is denied (Dkt. No. 2).

2. Mr. Perry's motion to stay proceedings to conduct postconviction competency hearing is denied as moot (Dkt. No. 16).

3. A certificate of appealability is denied.

So ordered this the 1st day of May, 2018.

_____
Kristine G. Baker
United States District Judge